THE PEOPLE *ex rel.* Elizabeth A. Davis

*v.*

WILLIAM W. FOSTER.

*Filed at Ottawa September 27, 1882.*

1. HABEAS CORPUS—*not allowed to correct mere errors.* A party committed to jail, by a court having jurisdiction, until a fine imposed on a conviction for an offence and the costs of the prosecution are paid, is not entitled to a discharge on *habeas corpus,* on the ground the court erroneously refused to discharge him under section 455 of the Criminal Code, and erroneously refused to admit proper evidence on his application for such discharge.

2. · A writ of *habeas corpus* does not lie from this court to review a decision of a court having competent jurisdiction to act and decide, for the purpose of correcting merely an alleged error in the ruling of the inferior court. The order of such court, however erroneous it may be, if it had jurisdiction, can not be set aside or reversed on an application for a discharge under the *Habeas Corpus* act. In such application this court can only act when the court below has proceeded without or has exceeded its jurisdiction.

3. SAME—*grounds of discharge when applicant is detained under legal process.* Under the statute a person imprisoned or detained by virtue of legal process can be discharged on *habeas corpus* only on some one or more of the grounds enumerated in section 22 of the act, and no court or judge, on the return of the writ, can in any other matter inquire into the legality or justice of a judgment or decree of a court legally constituted.

This is an original application by the relator in this court to be discharged from imprisonment in the jail of Macon county. The grounds relied on ·for the discharge are sufficiently stated in the opinion.

Mr. D. HUTCHISON, and Mr. J. O. BUCKINGHAM, for the relator.

Mr. W. C. JOHNS, for the respondent.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

· This is a proceeding under the. *Habeas Corpus* act. It appears from the papers before us, upon which the case is submitted for our determination, that at the December

term, 1881, of the Macon county circuit court, the petitioner, Elizabeth A. Davis, was tried and convicted on three several indictments, for the respective offences of selling intoxicating liquors, maintaining a nuisance, and keeping a house of ill-fame; that on failure to pay the fines assessed by the court in these several cases, which amounted in the aggregate to about $2500, the petitioner, by order of the court, was committed to the county jail, there to remain until the fines and costs were paid; that several executions were sued out on these judgments, one of which was returned satisfied by sale of real estate belonging to petitioner, and the others were levied upon lands the title of which appears to be in third parties, but which lands, it is claimed, are in truth and in fact the property of the petitioner, and that they were conveyed by her to such third parties for the express purpose of preventing the collection of these judgments; that although the return day of said executions has long since passed, no return of the same has ever been made by the sheriff; that upon the levy of these executions a creditor's bill, on behalf of the People, was filed in the Macon county circuit court, for the purpose of subjecting the lands so levied upon to the payment of said judgments and costs, and that said bill is still pending and undetermined.

It further appears, that after the above proceedings had transpired, and before suing out the present writ, the petitioner made application to the circuit court of Macon county to be discharged from her imprisonment, under the 455th section of the Criminal Code. That section is as follows: "Whenever it shall be made satisfactorily to appear to the court, after all legal means have been exhausted, that any person who is confined in jail for any fine, or costs of prosecution, for any criminal offence, hath no estate wherewith to pay such fine and costs, or costs only, it shall be the duty of said court to discharge such person from further imprisonment for such fine and costs, which shall operate as a com-

plete release of such fine and costs : *Provided,* that nothing herein shall authorize any person to be discharged from imprisonment before the expiration of the time for which he may be sentenced to be imprisoned as part of his punishment."

Upon the hearing of the above application, the petitioner, as she alleges in her petition, "offered to show to said court that she had no estate wherewith to pay said fine and costs, or costs only; but because said sheriff had not returned said executions she was not permitted to make proof of her inability to pay said fine and costs, or costs only, and thereupon said circuit court overruled and denied her said application." The petitioner now asks to be discharged from her imprisonment on substantially the same grounds which were deemed insufficient upon her previous application to the circuit court of Macon county, the only difference being that in the present application she complains of an alleged erroneous ruling of that court in refusing to permit her to make proof of her inability to pay the fines and costs in question.

To allow this application would be simply to review, upon *habeas corpus,* the decision of that court, for the purpose of correcting merely an alleged error, which we are not permitted to do. It is, therefore, unimportant to inquire whether the ruling of the circuit court in rejecting petitioner's evidence was proper or improper; for, conceding it was erroneous, this is not a proceeding in which we are authorized to correct it. It is clear that court had jurisdiction both of the subject matter of the suit and of the parties before it, and hence the order in the case, however erroneous, can not be set aside or reversed on an application of this kind. In this proceeding we can only act when the court has acted without or exceeded its jurisdiction. It is not pretended that such is the case here. Hurd on Habeas Corpus, (2d ed.) p. 327; *Hammond* v. *The People,* 32 Ill. 446.

The third section of the *Habeas Corpus* act requires the petition to set forth the cause or pretense of the imprison-

ment complained of, and to show that the petitioner "is not committed or detained by virtue of any process, judgment, decree or execution specified in section 21 of the act." The latter section provides, that "no person shall be discharged under the provisions of the act if he is in custody &ast; &ast; &ast; by virtue of a final judgment or decree of any competent court of civil or criminal jurisdiction, or of any execution issued upon such judgment or decree, unless the time during which such party may be legally detained has expired."

The 22d section specifically enumerates the cases in which one detained by virtue of legal process may be discharged upon writ of *habeas corpus.* They are as follows: "First, where the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum, or person; second, where, though the original imprisonment was lawful, yet by some act, omission or event, which has subsequently taken place, the party has become entitled to his discharge; third, where the process is defective in some substantial form required by law; fourth, where the process, though in proper form, has been issued in a case or under circumstances where the law does not allow process or orders for imprisonment or arrest to issue; fifth, where, although in proper form, the process has been issued or executed by a person either unauthorized to issue or execute the same, or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him; sixth, where the process appears to have been obtained through false pretense or bribery; seventh, where there is no general law, or any judgment, order or decree of a court, to authorize the process, if in a civil suit, or any conviction, if in a criminal proceeding." And it is expressly provided in the same section, that "no court or judge, on the return of a *habeas corpus*, shall in any other matter inquire into the legality or justice of a judgment or decree of a court legally constituted."

It is clear, from a bare inspection of these provisions of the statute, the petitioner has failed to bring herself within either of them, and hence this court has no power or authority, on *habeas corpus*, to discharge her from imprisonment. Her application is therefore denied, and she is remanded to the custody of the sheriff of Macon county, to be held by him in conformity with the orders of the circuit court of said county until she is discharged by law.

*Application denied.*