## *Ex parte* John S. Smith.

*Filed at Mt. Vernon May 24, 1886.*

|117    63|
|70a 235|
|117    63|
|72a 179|
|117    63|
|212   ¹589|

1. HABEAS CORPUS—*whether the writ will lie, to review a judgment at law.* The writ of *habeas corpus* does not lie to review a judgment at law for an alleged error in the proceedings in a case, where the court had jurisdiction of the subject matter and of the person.

2. SAME—*in case of imprisonment under an order in the nature of final process—as, a commitment until a fine is paid.* A person imprisoned by virtue of an order, in the nature of final process, to enforce a judgment at law for a specific sum of money, can be discharged under the Habeas Corpus act only for some one of the causes set forth in section 22 of that act.

3. A petition for a writ of *habeas corpus* showed that the petitioner was regularly brought before the grand jury as a witness; that he refused to answer certain questions propounded to him, and that the court thereupon fined him twenty-five dollars, and on refusal to pay the same, ordered him to stand committed to the county jail until the fine and the costs should be paid: *Held,* that if the court erred in imposing the fine, the remedy was by appeal or writ of error, and not by the writ sought. If the order had been simply a committal until the petitioner answered the questions, a different question would be presented.

This was a petition filed in this court on May 5, 1886, at Mt. Vernon, by John S. Smith, praying for a writ of *habeas corpus.* The facts of the case are stated in the opinion of the court.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

This is an application by John S. Smith for a writ of *habeas corpus.* The petition shows that in obedience to a subpœna he appeared before the grand jury of Franklin county, then legally convened for the transaction of business; that upon such appearance a number of questions were propounded to him, the effect of which was to elicit anything he might know about others than himself having played at any game or games with cards, for money, within eighteen months next before the time of such inquiry. The petitioner answered, in substance, that he knew of no person or persons having so played whose names he could give to the grand jury without furnishing such information as would lead to his own conviction, and on this ground declined to answer the questions. The matter having been referred to the court, it held, in substance, that while the witness could not be required to state anything affecting himself, personally, in respect to such game or games, he was bound to tell what he might know of others being engaged in such unlawful gaming. The witness, nevertheless, still standing upon what he regarded his constitutional rights, declined to answer the questions, and the court thereupon imposed upon him a fine of twenty-five dollars, and ordered that he stand committed until the same, together with all costs, was paid. Declining to pay the fine and costs, as required by the order and judgment of the court, he was taken into custody by the sheriff of the county, for the purpose of being committed to jail, whereupon the witness presented his petition to this court, setting up the foregoing facts, and asking to be discharged on *habeas corpus.*

It will be observed that the imprisonment complained of is by virtue of an order, in the nature of final process, to enforce a judgment at law for a specific sum of money. Such being the case, the petitioner can only be discharged for one of the causes set forth in the 22d section of the Habeas Corpus act, which are as follows: "First, where the court has exceeded the limit of its jurisdiction, either as to matter, place, sum or person; second, where, though the original imprisonment was lawful, yet by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge; third, where the process is defective in some substantial form required by law; fourth, where the process, though in proper form, has been issued in a case or under circumstances where the law does not allow process or orders for imprisonment or arrest to issue; fifth, where, although in proper form, the process has been issued or executed by a person either unauthorized to issue or execute the same, or where the person having the custody of the prisoner under such process is not the person empowered by law to detain him; sixth, where the process appears to have been obtained through false pretense or bribery; seventh, where there is no general law, or any judgment, order or decree of a court, to authorize the process, if in a civil suit, or any conviction, if in a criminal proceeding."

In the light of the previous decisions of this court it is quite clear the petition fails to make out such a case as will authorize this court to grant the relief sought. Such being the case, it would be altogether useless to award the writ. We regard the petition in this case as a mere attempt to review and set aside a judgment at law for an alleged error in the proceeding, where the court clearly had jurisdiction both of the person and subject matter of the suit. This can not be done. The petition shows that the petitioner was regularly brought before the grand jury as a witness, that he refused to answer certain questions propounded to him, and

5—117 ILL.

that the court thereupon imposed a fine upon him. Whether the court was authorized, under the circumstances, to impose the fine, was a matter which the law authorized and empowered the court to determine, just as in any other case of alleged contempt. While, for the purposes of the argument, it may be conceded that the court erred in reaching the conclusion it did, nevertheless its right and duty to pass upon the question was clear, beyond all question. If the judgment was erroneous, as is claimed, the remedy was the same as in the case of any other erroneous judgment where the right of appeal or writ of error is given. We regard the order directing the defendant to·stand committed till the fine and costs were paid, in the nature of final process,—a mere means of enforcing the payment of the judgment,—which would have been suspended by any order staying the judgment itself. If, as claimed, the judgment is erroneous, a writ of error was the appropriate remedy, and upon that hypothesis we must assume the reviewing tribunal would, if asked, have made the writ a *supersedeas*, which would have suspended the order of commitment till the case could be disposed of on the merits. The following authorities fully sustain the view here taken: *The People ex rel.* v. *Foster*, 104 Ill. 156; *The People ex rel.* v. *Pirfenbrink*, 96 id. 68; *The People ex rel.* v. *Whitson*, 74 id. 20; *Hammond* v. *The People*, 32 id. 446.

Had the circuit court simply entered an order in this case committing the petitioner to jail till he answered the questions propounded to him, quite a different question would be presented for determination. But that is not the case presented by this record, hence the constitutional question argued by counsel in their briefs is not directly presented, and the court has no disposition to go out of its way to express its views upon the subject.

It is clear the imprisonment here complained of is no part of the punishment inflicted by the judgment, but is a mere subsidiary order in aid of the judgment, and which would

have been discharged by payment of the judgment. As a writ of error may be prosecuted as well after as before payment in such a case, it is not perceived how the petitioner will be subjected to any particular hardship or inconvenience in holding, his remedy, if he·has any, is by writ of error, and not by this proceeding.

*Writ denied.*