## Ex Parte VINTON.

## Crim. No. 263; March 2, 1897.

### 47 Pac. 1019.

**Habeas Corpus.—A Prisoner not Brought to Trial Within Sixty Days** after commitment will be discharged on habeas corpus.[1]

Application of John M. Vinton for discharge on habeas corpus. Granted.

Henley, Bigelow & Costello for petitioner.

PER CURIAM.—Petitioner discharged.

GAROUTTE, J.—I dissent. The prisoner is discharged by the court upon the ground that he has not been brought to trial within sixty days after his commitment. I am well satisfied that the writ of habeas corpus cannot be invoked in a case of this character.

I concur: Temple, J.

---

[1] Cited and followed in Ex parte Ford, 160 Cal. 339, 116 Pac. 759, where it is held that a defendant, failing to be brought to trial within the statutory period, and there being no good cause for delay shown, may move to have the indictment dismissed, which motion must be sustained. If, however, it is denied, the defendant may avail himself of the writ of habeas corpus.

Cited in Ex parte Ford, 160 Cal. 345, 116 Pac. 761, in contrast with Ex parte Strong, 31 Pac. 574, the latter case being to the effect that until the indictment is dismissed, the imprisonment is lawful, a ruling which, the court here say, is in accord with decisions in other states but not those of the California courts.

Cited in Ex parte Ford, 17 Cal. App. 4, 118 Pac. 97, where the court say that the rule that, unless good cause be shown to the contrary, a prisoner not brought to trial within sixty days after indictment must be discharged, was first announced in the cited case.