THE PEOPLE *ex rel.* George Freeman

*v.*

E. J. MURPHY, Warden.

*Announced orally December 7, 1904.*

1. CRIMINAL LAW—*statute concerning speedy trials construed.* Section 18 of division 13 of the Criminal Code, requiring a prisoner, not admitted to bail, to be tried at some term of court commencing within four months from the time of his commitment, etc., does not mean that the prisoner whose trial has been begun within the time prescribed shall be discharged if his trial is not concluded within such time, even though a term of the court, beginning after the four months, has intervened.

2. SAME—*prisoner should assert the right of discharge to court where indictment is pending.* One indicted for an alleged offense who desires to claim the right to discharge for want of prosecution, under section 18 of division 13 of the Criminal Code, must make application to the court where the indictment is pending, and in case of unfavorable action preserve in the record, by bill of exceptions, the proceedings had upon such application, which may then be reviewed on writ of error.

3. SAME—*what court has jurisdiction under statute on speedy trials.* No court but that in which the indictment is pending has

jurisdiction primarily to determine the question of the right of a prisoner to discharge under the statute requiring speedy trials, and the action of such initial court on that question cannot be reviewed and annulled by a court of concurrent jurisdiction on a writ of *habeas corpus.*

4. HABEAS CORPUS—*when order of discharge on habeas corpus is void.* An order of discharge of a prisoner on a writ of *habeas corpus,* under section 18 of division 13 of the Criminal Code, made by a court other than that in which the indictment is pending, is void for want of jurisdiction, and will neither warrant the prisoner's discharge nor protect him from re-arrest.

MOTION for leave to file petition for writ of *habeas corpus.*

A. B. DUNNING, for relator.

Mr. CHIEF JUSTICE RICKS announced the opinion of the court:

A motion for leave to file a petition for *habeas corpus* is made by the relator, Freeman, and the particular ground for relief set forth in the petition is, that the petitioner, who was indicted for murder, was not given a trial within four months after the time of his commitment to jail. The relator was committed to jail in Cook county November 21, 1903, on a coroner's warrant, charged with the murder of Cornelius VanZandwick, following an inquest. He was indicted at the December term, 1903, of the criminal court, entered his plea of not guilty on December 22, 1903, and demanded a trial at the February term, 1904, on the last day of the month and term. He obtained a continuance of the cause at the March term, 1904, on the 28th day of March, and on the 29th day of the same month the order of continuance was on his motion set aside. He then moved to be discharged for want of prosecution within the fourth term of the court. The motion was denied and the trial entered upon and the examination of jurors begun and continued until a jury was fully empaneled and sworn on March 30, and the trial was proceeded with to April 6, when a verdict of guilty of manslaughter

was returned. A motion for a new trial was made, and at the June term, 1904, overruled and the relator sentenced.

The criminal court of Cook county has a term commencing the first Monday of each month, and all pending and undisposed of causes are continued from one term to another by operation of law, unless otherwise continued. (Hurd's Stat. 1899, chap. 37, par. 56.) Relator was tried, or his trial entered upon, at a term of court commencing within four months from his commitment, but the trial was not concluded until the April term, which commenced more than four months after his commitment. He was tried by a jury empaneled at the March term, and did not, during the trial, move for or demand his discharge, and no order was asked of or entered by the criminal court touching his discharge after the trial began.

The statute relied on is as follows: "Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the People, and that there is reasonable grounds to believe that such evidence may be procured at the next term, in which case the court may continue the case to the next term." (Hurd's Stat. 1899, chap. 38, par. 438.)

It is contended by the relator that because his trial was not completed during the March term of the court but extended over into the April term, the court lost jurisdiction of his person under the provisions of the above statute, and that he is, therefore, entitled to his discharge under the writ of *habeas corpus.* It is not denied that at the term the jury was empaneled and his trial entered upon the court had juris-

diction of both the subject matter and the person of the rela-
tor, and there can be no question but that the court retained
jurisdiction, unless the jurisdiction of the person of the re-
lator was lost by the court entering some order that it should
not have entered or failing to enter some order that should
have been entered.

The above statute authorizes the court to continue a
cause to a term commencing after four months from the
time of commitment if the delay has happened upon the ap-
plication of the prisoner or if the court is satisfied that due
exertion has been made to procure the evidence on the part
of the People, and if the court is also satisfied that there is
reasonable grounds to believe that such evidence may be pro-
cured at the term to which said cause is continued. When
the court is moved to discharge a prisoner or when his re-
lease is sought under the provisions of the above statute, a
number of questions arise upon such application, which, we
think, must be determined in the court in which the prisoner
is held for trial. Some of these questions are of such a na-
ture that it could well be said that they rest within the sound
legal discretion of the trial court. In view of the provisions
of the statute and the authority reposed in the court under
it, we are clearly of the opinion that no court but the trial
court in which the proceeding is pending has jurisdiction to
primarily determine this question, and that no court except
a court of review has jurisdiction to determine whether or
not the trial court properly disposed of such an application.
We are unable and unwilling to give our assent to the con-
tention that any court but a court of review has jurisdiction
to determine that the trial court was not satisfied, or was not
justified in being satisfied, that due exertion had been made
to procure the evidence for the People, and satisfied that
there was reasonable grounds to believe that the evidence for
the People might be procured at the next term of the court.
If the prisoner would invoke this statute he should demand
his release in the trial court, and preserve in the record, by

bill of exceptions, the proceedings had upon such application. If the application be denied it is the right of the prisoner to have the action of the court reviewed as a part of the record, and if error is committed in the proceedings, (and it is merely error if it is anything,) and that error is made to appear in the record which is brought before this court on writ of error, this court will review the action of the trial court in that behalf, as was done in *Marzen* v. *People,* 190 Ill. 81, and *Guthmann* v. *People,* 203 id. 260.

The statute under consideration cannot be held, in view of its provisions, to be an unqualified mandate that the prisoner shall be released by the mere lapse of time or the mere fact that he is not given a trial at a term of court commencing within four months of the time of his commitment. Not only must the time elapse, but the circumstances must be such that it is error for the court to longer detain him, and as to these circumstances and to his right of discharge he must obtain the judgment or ruling of the court having jurisdiction of the cause. If an indictment is found, then, thereafter, the benefit of this statute must be sought in the court having jurisdiction of the cause,—that is, the court in which the indictment is pending. If the prisoner does not apply to that court and obtain from it an order discharging him, or refusing to do so, he is in no position to complain, as he should not be allowed to complain, on writ of error or otherwise, that he has not received an order he has not asked for. Before the action or refusal to act of the trial court can be assigned for error the court must at least be called upon to act. Error cannot be assigned upon a mere failure of the court to discharge a prisoner, under the provisions of this statute, who has not asked or moved the court to do so. It is not the intent or purpose of the law that mere errors committed or arising out of matters wherein a court is exercising a discretion, as in this case, during the pendency of the trial, and reviewable upon error, shall be reviewed by courts of concurrent jurisdiction, or any court for that matter, under a

writ of *habeas corpus.* The writ of *habeas corpus* is not for
the purpose of reviewing errors, and is only authorized in
those cases where the court has acted without jurisdiction.
*People ex rel.* v. *Allen,* 160 Ill. 400; *People ex rel.* v. *Fos-
ter,* 104 id. 156; *Ex parte Thompson,* 93 id. 89; *Ex parte
Smith,* 117 id. 63; *People* v. *Murphy,* 202 id. 493; 15 Am.
& Eng. Ency. of Law, (2d ed.) 172.

In the case of *People ex rel.* v. *Allen, supra,* it is said:
"The court had jurisdiction of the person and subject mat-
ter. There may be some question in regard to whether the
judgment entered in the case was erroneous or not. How-
ever that may be, the judgment is not void, and for that rea-
son there is no ground for writ of *habeas corpus.* If there
was any error committed by the court in the trial of the
cause or in the sentence of the petitioner, that is a question
which may be reviewed by writ of error, but the party has
no right to a writ of *habeas corpus.*" So in the case at bar,
as the jury was empaneled at the March term,—a term com-
mencing within four months of the time of the arrest and
commitment of the relator,—and an indictment followed the
arrest at the December term, the court then had jurisdiction
of the subject matter and of the person of the relator, and
whether it lost that jurisdiction depended only upon whether
it correctly or wrongfully determined the rights of the rela-
tor to discharge upon application made for that purpose, and
if it was incorrectly held by the court that the relator was
not entitled to his discharge, that question, if properly pre-
served, was one for review upon writ of error.

It is suggested in the petition that this court should take
jurisdiction of this cause and consider it upon its merits be-
cause the petition was presented to a circuit judge of Cook
county and the writ denied. The circuit court, and the crim-
inal court, in which the trial was had, are courts of concur-
rent jurisdiction. The contention or view that the circuit
court of Cook county is vested with jurisdiction to sit in re-
view of the proceedings of the criminal court cannot for a

moment be entertained. If the circuit court had assumed jurisdiction and granted the writ, predicating its action upon this statute, it would have been a nullity for lack of jurisdiction in the court and could avail the relator nothing. The order of the circuit court would neither warrant the discharge of the relator nor protect him against re-arrest. It is as essential that a court have jurisdiction in a proceeding for writ of *habeas corpus* as any other cause that may come before it. In original application for *habeas corpus* the jurisdiction of this court is not greater, or based on different grounds, than that of the circuit and superior courts. The views we have above expressed preclude us from the consideration of the case upon its merits, and leave to file the petition is denied.

*Motion denied.*