[Civil No. 4056. Filed November 13, 1939.]

[95 Pac. (2d) 560.]

In the Matter of the Application of WILLIAM C. DOUGLAS for a Writ of Habeas Corpus: THE STATE OF ARIZONA, Appellant, v. WILLIAM C. DOUGLAS, Appellee.

Mr. Joe Conway, Attorney General, and Mr. Lin Orme, Jr., and Mr. Charles Bernstein, Assistant Attorneys General, for the State.

Mr. George T. Wilson and Messrs. Minne & Sorenson, for Appellee.

ROSS, C. J.—The appellee, William C. Douglas, was informed against in the superior court of Maricopa county but not tried within sixty days. For this failure, he was discharged from the custody of the sheriff upon a writ of *habeas corpus.* The state has appealed.

The facts are stipulated and thereunder it appears that appellee was informed against in the superior court of Maricopa county, on January 30, 1937, for a felony; that he was arraigned and pleaded not guilty Febuary 8th and trial was set for March 16th, on which date he, with his counsel, appeared in court ready for trial but the trial was not had on that day for some reason not explained. March 24, 1937, a bench warrant was issued for his apprehension but was not served, although it appears that he was at all times up until or about April 17, 1937, in the jurisdiction of the court.

It also appears that on March 5, 1937, appellee was indicted in the United States District Court for Arizona under the name of James C. Douglas for an offense against the federal postal laws, and that at his arraignment on March 8, 1937, he pleaded not guilty;

that his trial was set for March 25, 1937; that on March 22d he withdrew his plea of not guilty and entered a plea of guilty and was on such date sentenced to a term of two years in prison, and was on April 17, 1937, committed to the federal penitentiary at McNeil Island. At the expiration of his term of imprisonment the sheriff served the bench warrant theretofore, on March 24, 1937, placed in his hands, and by virtue thereof was holding appellee when the order discharging him was made.

The appellee contends that his imprisonment was illegal. He bases his contention upon the provisions of section 5204, Revised Code of 1928, by the terms of which a party charged with a crime must be tried within sixty days after the information or indictment is filed in court, unless upon his application or for good cause the trial was postponed.

The usual procedure when there is delay beyond sixty days is to call the court's attention thereto by motion and, if the delay is not for good cause or on the prisoner's application for a postponement, to urge the dismissal of the case. If the motion is denied and the defendant is dissatisfied therewith he may have the matter reviewed on appeal, or he may test the legality of his confinement by *habeas corpus.* The Attorney General contends that before he should be granted a writ of *habeas corpus,* he should exhaust his remedy by motion to dismiss. We think the usual procedure by motion is manifestly to be preferred, because it is made to the court in which the indictment or information is filed and where the court possesses the power to ascertain the reasons for delay and to make a record thereof. It is more direct, speedier, and less expensive.

The point is a new one with us and the cases in other jurisdictions are divided on it. The rule in

Illinois, stated in *People ex rel.* v. *Murphy,* 212 Ill. 584, 72 N. E. 902, 904, is as follows:

"The statute under consideration cannot be held, in view of its provisions, to be an unqualified mandate that the prisoner shall be released by the mere lapse of time, or the mere fact that he is not given a trial at a term of court commencing within four months of the time of his commitment. Not only must the time elapse, but the circumstances must be such that it is error for the court to longer detain him, and, as to these circumstances and to his right of discharge, he must obtain the judgment or ruling of the court having jurisdiction of the cause. If an indictment is found, then, thereafter, the benefit of this statute must be sought in the court having jurisdiction of the cause; that is, the court in which the indictment is pending. If the prisoner does not apply to that court and obtain from it an order discharging him, or refusing to do so, he is in no position to complain, as he should not be allowed to complain, on writ of error or otherwise, that he has not received an order he has not asked for. Before the action or refusal to act of the trial court can be assigned for error, the court must at least be called upon to act. Error cannot be assigned upon a mere failure of the court to discharge a prisoner under the provisions of this statute, who has not asked or moved the court to do so. It is not the intent or purpose of the law that mere errors committed or arising out of matters wherein a court is exercising a discretion, as in this case, during the pendency of the trial, and reviewable upon error, shall be reviewed by courts of concurrent jurisdiction, or any court for that matter, under a writ of *habeas corpus.* The writ of *habeas corpus* is not for the purpose of reviewing errors, and is only authorized in those cases where the court has acted without jurisdiction. *People ex rel.* v. *Allen,* 160 Ill. 400, 43 N. E. 332; *People ex rel.* v. *Foster,* 104 Ill. 156; *Ex parte Thompson,* 93 Ill. 89; *Ex parte Smith,* 117 Ill. 63, 7 N. E. 683; *People* v. *Murphy,* 202 Ill. 493, 67 N. E. 226; 15 Am. & Eng. Ency. of Law (2d Ed.) 172."

In an early case, *Von Feldstein* v. *State,* 17 Ariz. 245, 150 Pac. 235, the facts show that a motion to dismiss the information for failure to bring the case to trial within sixty days was made and denied; that thereafter a writ of *habeas corpus* was applied for and, while the question of procedure we are now considering was not in issue, we quoted with approval from *Ex parte Ford,* 160 Cal. 334, 339, 116 Pac. 757, 758, Ann. Cas. 1912D 1267, 35 L. R. A. (N. S.) 882, as follows:

"Undoubtedly, where a defendant is not brought to trial within the statutory period, and no good cause is shown by the prosecution for a delay, it is the imperative duty of the superior court, on a motion of the defendant to that end, to order the indictment dismissed. The court has no discretionary power under such circumstances to further postpone the trial, but is required to dismiss the indictment. Where, after such motion is made and denied, . . . it has been held that he has a right to apply to this court for a writ of *habeas corpus* to be discharged from custody thereunder, and that when it appears upon the hearing here that there was no good cause for delay on the trial in the lower court beyond the 60 days provided in the statute, his discharge will be ordered. *Ex parte Vinton* [5 Cal. Unrep. 624], 47 Pac. 1019; *In re Begerow,* 133 Cal. 349, 65 Pac. 828, 85 Am. St. Rep. 178, 56 L. R. A. 513."

The contrary view is well expressed in *Griswold* v. *State,* 77 Fla. 505, 82 So. 44. For the reason given above, we believe the ruling of the court in which the information or indictment is filed is, or should be, a prerequisite to the granting of a writ of *habeas corpus* to test the legality of the imprisonment.

The burden of showing that imprisonment beyond sixty days is for good cause is upon the state. *Hunter* v. *State,* 43 Ariz. 269, 30 Pac. (2d) 499; *Power* v. *State,* 43 Ariz. 329, 30 Pac. (2d) 1059; *Hernandez* v. *State,* 40 Ariz. 200, 11 Pac. (2d) 356; *State* v. *Car-*

*rillo,* 41 Ariz. 170, 16 Pac. (2d) 965; *Von Feldstein*
v. *State, supra; King* v. *State,* 23 Ariz. 49, 201 Pac.
99.

 The stipulated facts show that soon after the
state court acquired jurisdiction of appellee's person,
and before the date set for his trial, he was indicted
in the United States District Court for Arizona, to
which indictment he pleaded guilty on March 22, 1937,
and was sentenced to McNeil Island in the State of
Washington.

It is contended by appellee that since the state first
acquired jurisdiction of appellee's person and the of-
fense, it was in duty bound to give him a trial within
sixty days, and that if it surrendered him to the United
States, or if the United States gained possession of his
person with or without the state's consent and de-
tained him in its prison as punishment for violating
its laws, that such delay would not constitute good
cause for not trying him in the state court within
sixty days after the filing of the information. It would
seem that where it is shown a person has violated the
criminal laws of two jurisdictions and each is proceed-
ing simultaneously to punish him and one is delayed
in doing so because he is detained in a prison of the
other, that good cause exists for delay.

A case very similar in its facts is *Lee* v. *State,* 185
Ark. 253, 47 S. W. (2d) 11, 12. The facts in that
case are that Lee was indicted in the state court on
March 19, 1928. On February 22, 1928 he was ar-
rested by the federal authorities for violating the laws
of the United States and released on bail. On March
20th he pleaded guilty to the charge in the federal
court and was sentenced to the penitentiary at Atlanta
for a term of five years. He contended that by rea-
son of the failure of the state to prosecute him within
the time limited by the statutes of the state his im-
prisonment by the state authorities was unlawful. The

court, after stating that had Lee been incarcerated in the state for a violation of a state law such delay would have entitled him to a discharge, then said:

" . . . Here the appellant was in the custody of the United States government in her penitentiary upon a plea of guilty to a violation of its laws, which furnished no ground for the dismissal of charges pending against him on indictments in the state court because of his not having had opportunity to demand a trial therein, and this is so without regard to whether the state could have sooner procured his presence under the comity rule from the United States government as announced in *Ponzi* v. *Fessenden,* 258 U. S. 254, 42 Sup. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879. In *Rigor* v. *State,* 101 Md. 465, 61 Atl. 631, 634, 4 Ann. Cas. 719, it was said by the Supreme Court of Maryland: 'The penitentiary is not a place of sanctuary, and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some earlier judgment of guilt.'

"Appellant made no effort to demand trial while he was imprisoned in the United States penitentiary, which he could have done, and the fact that the state could have procured his presence in her court for trial on the indictments and did not do so deprived him of no right he was entitled to and the court did not err in denying his motion for a discharge from the indictments pending in her court."

In *Ex parte Schechtel,* 103 Colo. 77, 82 Pac. (2d) 762, 765, 118 A. L. R. 1032, the same rule was applied in a situation somewhat different but not so materially different as to make what was said by the court inapplicable here. The court said:

"We, therefore, must conclude that no constitutional right of the petitioner to a speedy trial was violated by failure of the state to put him on trial while he has been in the custody of the United States and serving a sentence in her prisons for a violation of her laws. Neither do we believe that any obligation under such circumstances is imposed upon the prosecuting authorities of the state of Colorado to make applica-

tion to the federal government for the return of a federal prisoner to the state for trial on state charges. Our conclusion is further sustained by *Lee* v. *State,* 185 Ark. 253, 47 S. W. (2d) 11, *People* v. *South,* 122 Cal. App. 505, 10 Pac. (2d) 109, and *Raine* v. *State,* 143 Tenn. 168, 226 S. W. 189, in which the precise point was involved as here. The petitioner cites no authority in which a dismissal of a pending state indictment for delay in trial has been accorded where the accused was incarcerated in a federal prison, but he relies upon the analogy of the cases where the accused was incarcerated by the authority of the sovereign in which the questioned charges were pending."

It appears to us that the court erred in discharging the appellee and the order is accordingly vacated and the cause remanded with directions for further proceedings in accordance herewith.

LOCKWOOD and McALISTER, JJ., concur.