(No. 11421.—Writ ordered.)

THE PEOPLE *ex rel.* Louis A. Busch, State's Attorney, Petitioner, *vs.* THEODORE N. GREEN *et al.* Respondents.

*Opinion filed October 23, 1917—Rehearing denied Dec. 6, 1917.*

1. MANDAMUS—*demurrer to answer to petition for mandamus cannot be carried back to reach defect in affidavit.* A petition for *mandamus* must be positively verified by affidavit, but a demurrer to the answer of the respondents cannot be carried back to reach a defect in the affidavit, as the respondents should, before pleading, have moved the court to strike the petition from the files for want of a sufficient affidavit.

2. SAME—*demand and refusal not necessary before filing petition to compel performance of public duty.* The rule that before applying for *mandamus* a demand should be made on the defendant to perform the act or duty required of him, and that there must be a refusal to comply therewith, does not apply where the duty is of a public nature, as where it is sought to compel a circuit judge to expunge a void order from the record and to compel the sheriff to apprehend a prisoner released by such order.

3. HABEAS CORPUS—*a prisoner will not be discharged although sentence of imprisonment is excessive.* Where the court has jurisdiction of the person and of the offense a prisoner will not be discharged on *habeas corpus* because the sentence of imprisonment is excessive unless the sentence which might legally have been imposed has been served; nor will he be discharged because the sentence of imprisonment is unauthorized, where a fine, legally assessed, has not been paid and there is a commitment until the fine is paid.

4. SAME—*a prisoner held under process based on judgment of court having jurisdiction should not be discharged.* If, from the petition and return in a *habeas corpus* proceeding to obtain the discharge of a prisoner held under process based on a judgment, it appears that the court rendering the judgment had jurisdiction of the person and subject matter, the court to which the *habeas corpus* petition is addressed should decline to discharge the prisoner, and an order of discharge by said court is void and should be disregarded by the officer to whom it is directed.

5. SAME—*when prisoner will not be discharged because sheriff had no mittimus.* Where a judgment of conviction and sentence to jail have been entered, and the court has directed the sheriff, who is personally present, to commit the offender, the prisoner, who is safely in the proper custody, will not be discharged in a *habeas corpus* proceeding because the sheriff had no *mittimus.*

6. SAME—*mandamus is proper remedy to compel expunging of void order of release entered in habeas corpus proceeding.* Where the circuit court has entered a void order setting aside a judgment, or has declared a judgment void that is legal and released the petitioner from custody in a *habeas corpus* proceeding, a petition for *mandamus* to compel the court to expunge the void order is the proper remedy.

7. CRIMINAL LAW—*separate judgments should be entered where several indictments are consolidated for one trial.* Where a defendant is charged in separate indictments with having committed the offense of selling liquor in anti-saloon territory at different times, and an agreement is entered into between the defendant's counsel and the State's attorney to try all the cases together by one jury, there should be a separate verdict and judgment on each indictment.

CRAIG, J., dissenting.

ORIGINAL petition for *mandamus.*

EDWARD J. BRUNDAGE, Attorney General, LOUIS A. BUSCH, State's Attorney, CHARLES F. MANSFIELD, ARTHUR R. ROY, and EDWARD C. FITCH, for petitioner.

H. LEONARD JONES, and HERRICK & HERRICK, for respondents.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

An original petition for *mandamus* was filed in this court in the name of the People, on the relation of the State's attorney of Champaign county, praying for the issuing of a writ of *mandamus* to compel Theodore N. Green, one of the judges of the tenth judicial circuit of this State, to expunge from the record of the circuit court of Champaign county a certain order entered by him in a *habeas corpus* proceeding instituted by William C. Robbins, as relator, before Theodore N. Green as said judge, and also commanding Augustus M. Evans, sheriff of Champaign county, to apprehend and imprison Robbins in the common jail of Champaign county. Respondents filed their answers to the petition, to which the petitioner has filed general de-

murrers, and by the briefs and arguments herein filed the points on the demurrers to be passed on have been argued by counsel for the parties.

The facts disclosed by the pleadings are, that on the 23d day of November, 1916, there was pending in the county court of Champaign county an indictment against William C. Robbins for selling liquor in anti-saloon territory, which indictment or cause was numbered 2813 on the trial docket of said court. On that day, by agreement of the State's attorney of said county with Robbins, indictment No. 2813 was consolidated for trial with two other indictments and an information pending in the same court for the same character of offense against the defendant as the one for which he was indicted in cause No. 2813, which causes were numbered 2814, 2815 and 2856. A jury was empaneled in the county court and the causes so consolidated for trial were tried before the court and a jury, and the jury rendered a separate verdict in each of the four causes. In cause No. 2813 defendant was found guilty on the second count of the indictment; in cause No. 2814 he was found guilty on the second, third, fourth and fifth counts; in cause No. 2815 he was found guilty on the second count; and in cause No. 2856 he was convicted on the second and third counts. Four entirely separate and distinct judgments and sentences were entered by the county court in said causes. The judgment and sentence in cause No. 2813 were for a fine of $50 and costs of prosecution and defendant was sentenced to serve twenty days in the common jail of the county, with a further order that in default of payment of the fine and costs aforesaid he should stand committed to jail until the fine and costs were fully paid or until otherwise discharged by law. In cause No. 2814 the judgment was that he pay a fine of $50 on each of the second, third, fourth and fifth counts of the indictment and costs of prosecution, "and that the defendant be taken from the bar of this court by the sheriff and by him

· confined in the common jail of said county for a period of twenty days on each of said second, third, fourth and fifth counts aforesaid. It is further ordered that the jail sentence in the several counts herein shall run consecutively, and that sentence in this cause shall begin at expiration of sentence in cause No. 2813 against said defendant." There was a judgment entered in cause No. 2815 for a fine of $50 and costs on the second count of the indictment and a jail sentence fixed in this language: "And that said defendant be taken from the bar of this court by the sheriff and by him confined in the common jail of said county for the period of twenty days, and that said jail sentence in this cause shall begin at expiration of sentence in cause No. 2814 against said defendant." In cause No. 2856 there was a judgment entered for a fine of $100 and costs on each of the second and third counts, and the defendant was sentenced to serve ten days in jail on each of said counts, with this further order: "It is further ordered that the said jail sentence on the second and third counts shall run consecutively, and that sentence in this cause shall begin at expiration of sentence in cause No. 2815 against said defendant." There were also orders in Nos. 2814, 2815 and 2856 that in default of payment of fine and costs in said causes mentioned the defendant should be committed to jail, there to remain until said fine and costs were fully paid or until he was discharged by law. There was no reference in any one of the last three mentioned judgments or orders that designated, otherwise than as above set forth, in what court or on what docket the other causes were pending that were referred to in each of said judgments and by which it was to be ascertained when sentence in jail was to begin for the defendant in the last three numbered causes.

Robbins was placed in jail by the sheriff of said county after the judgment was entered in cause No. 2813, and he served his term in jail as provided by said judgment and

paid the fine and costs therein adjudged. On December 29, 1916, after he had satisfied the judgment in cause No. 2813, as aforesaid, Robbins presented to the respondent Theodore N. Green, one of the judges of the tenth judicial circuit, a petition for a writ of *habeas corpus,* in which he alleged, in substance, that said pretended judgments and sentences in causes Nos. 2814, 2815 and 2856 are so vague and indefinite that each and all of them are void and of no legal effect, and that the county court was without jurisdiction to pronounce and enter said judgments, and that the county court exceeded its jurisdiction in pronouncing, rendering and entering each of said pretended judgments, by reason whereof the detention of the petitioner is unjust and contrary to law. It was further averred in the petition that the petitioner was not committed or detained in jail by virtue of any process, judgment, decree or execution specified in section 21 of "An act to revise the law in relation to *habeas corpus."* Certified copies of each of the judgments in causes Nos. 2814, 2815 and 2856 were attached to the petition for the writ of *habeas corpus* as exhibits. The sheriff, who was made a party defendant to the petition for the writ of *habeas corpus,* produced the body of Robbins before the circuit judge and made return to the writ issued thereon, in substance, that he is the sheriff of said county to whom the writ was directed; that he had said Robbins in his custody; that the cause of his detaining Robbins is by virtue of the three judgments of the county court of Champaign county, of which judgments true and exact copies are attached to the petition for writ of *habeas corpus,* and that he holds Robbins under no other judgment, writ or process. On a hearing of the petition before Judge Green, January 13, 1917, he entered and signed an order in said cause in the following language: "That the court has jurisdiction of the parties and the subject matter herein; that the detention and imprisonment of the petitioner by the said A. M. Evans, such sheriff, was and

is unlawful and without authority of law. It is therefore ordered and adjudged by the court that the relator, William C. Robbins, be discharged from further imprisonment and detention by the defendant, and that the said William C. Robbins be released by the said defendant, A. M. Evans, and set at liberty."

The first point made by respondents in support of their answers to which the demurrers were interposed, is, that the demurrers should be carried back to the petition, and that the petition is insufficient to justify the granting of the writ because it was not sufficiently verified by the affidavit following the same. The affidavit is, in substance, that affiant, Louis Busch, has read the petition for *mandamus*, and that the matters and things therein set forth are true "to his information and knowledge." The law is that a petition for *mandamus* must be positively verified by the affidavit required to be attached. But conceding that the affidavit is deficient, by the filing of their answers respondents have treated the same as sufficient, and thereby have waived their right to complain of its insufficiency. The affidavit is no part of the body of the petition, and a plea or answer, or even a general demurrer to the petition, would not reach the defect in the affidavit. To have obtained the benefit of their objection to the affidavit it was incumbent upon the respondents, before pleading to the same, to have moved the court to strike it from the files for want of a sufficient affidavit. *King* v. *Haines*, 23 Ill. 280.

It is also insisted by respondents that the petition is insufficient because it nowhere discloses or avers that any demand was ever made upon respondent Evans to re-arrest said Robbins or to imprison him, or that any demand was ever made upon Judge Green, the other respondent, asking him to vacate or expunge the order made by him in the *habeas corpus* proceeding. The general rule is, that before applying for *mandamus* a demand should be expressly made on the defendant to perform the particular act or duty re-

quired of him, and that there must be a refusal of the defendant to comply therewith. (*City of Chicago* v. *Sansum,* 87 Ill. 182.) That rule does not apply, however, where the duty is of a public nature, affecting the public at large. The demand here made is upon two public officers to do official acts and not acts of a private nature, and the right of the relator to demand the performance of said official acts is not an individual right, but is one that simply comes to him as an official and by virtue of his office. In such a case no demand and refusal of the demand are necessary to lay the foundation for the relief asked by the petition for *mandamus. People* v. *Board of Education,* 127 Ill. 613; High on Ex. Legal Remedies, sec. 41.

The petition for *mandamus* in this case was not subject to any objection pointed out by respondents, and their contention that the demurrers should be carried back and sustained to the petition cannot be sustained. ·

It is next argued by respondents that Judge Green had jurisdiction to hear and determine the petition for *habeas corpus.* Neither the petition itself nor the actual facts elicited upon the issues made in the *habeas corpus.* proceeding support this contention. Certified copies of the judgments rendered by the county court of Champaign county in said causes numbered 2814, 2815 and 2856, marked exhibits "A," "B" and "C," were by explicit averments in the petition for *habeas corpus* made a part of the petition. While the petition for *habeas corpus* expressly alleged that the judgments in the county court are void and that the judge of the county court has exceeded his jurisdiction in rendering the judgments in said causes, still these averments were mere conclusions of the pleader, and the only facts alleged in support of such conclusions were the copies of the judgments themselves, which show clearly and conclusively on their face that they were not void judgments. As disclosed by the answers of the respondents and by the return of the sheriff, Robbins was detained in the county

jail by the sheriff under authority and by virtue of said judgments. The county court undoubtedly had jurisdiction of the subject matter and of the person of the defendant therein, William C. Robbins. This is not disputed by respondents. Their real contention is, that the parts of said judgments sentencing Robbins to serve terms in jail are indefinite, vague and uncertain because of the fact that it can not be determined by the judgments when any one of the terms of imprisonment shall begin. Even if this contention is correct, the judgments rendered by the county court against Robbins for the fines and costs of prosecution therein specified, and the several orders in said judgments committing Robbins to jail until the fines and costs were fully paid, are all valid orders and judgments and binding upon Robbins. The payment of the fine and costs and the serving of the jail sentence in cause No. 2813 by Robbins fully satisfied the judgment and sentence in that cause but did not have any effect to relieve him from the payment of the fines and costs in the other three judgments. It is not contended that the fine and costs in the last three named cases have been paid or that the fine and costs were paid in any one of them. For the failure to pay the fine and costs in those cases Robbins was being properly detained in jail by respondent Evans, the sheriff aforesaid.

The rule sustained by the great weight of authorities is, that where a sentence of imprisonment imposed, with jurisdiction of the person and of the offense, is excessive, the prisoner will not be discharged for that reason on *habeas corpus* unless the sentence which might legally have been imposed has been served. So where imprisonment is imposed in addition to a fine, which has been paid, and the court had authority only to fine or imprison the accused, he may be discharged on *habeas corpus*. (*Ex parte Montgomery,* 79 Ala. 275; *Ex parte Reynolds,* (Ala.) 6 S. W. Rep. 335; *Ex parte Stewart,* (Neb.) 20 N. W. Rep. 255.) Where a fine legally assessed by the court has not been

paid the defendant will not be discharged on *habeas corpus*
where there is also a sentence of imprisonment that is un-
authorized by law and where there is also a commitment to
prison until the fine and costs are paid. (*Ex parte Davis,*
112 Fed. Rep. 139.) The court in the case of *Ex parte
Lange,* 18 Wall. 176, recognized the principle that only the
unauthorized part of an excessive judgment is void, and
there are many other cases and authorities recognizing the
same rule in this country, for reference to which see note
to *Harris* v. *Lang,* 7 Ann. Cas. 144. So if it be conceded
that the several sentences imposed by the county court of
Champaign county in causes Nos. 2814, 2815 and 2856 are
absolutely void for uncertainty and vagueness,—a question
which is not necessarily involved in this case and which we
do not decide,—Robbins was not entitled to his discharge
from imprisonment on those judgments because of the fact
that he had not paid the fines and costs therein assessed
and for failure to pay which he was lawfully detained by
the sheriff. There was no theory or any facts, therefore,
upon which respondents can be legally sustained in their
contention that Judge Green in the *habeas corpus* proceed-
ing had jurisdiction to entertain the petition aforesaid. The
jurisdiction of a court to render a judgment upon which
is based the process under which a prisoner is held, lies at
the foundation of a *habeas corpus* proceeding to obtain his
discharge. If it appears from the petition and return in the
*habeas corpus* proceeding that the court which rendered the
judgment had jurisdiction of the person and subject matter,
the court to which the *habeas corpus* petition is addressed
should decline, for want of jurisdiction, to discharge the
prisoner, and in case of failure to do so its judgment dis-
charging the prisoner from further imprisonment is void
and should be disregarded by the officer to whom it is di-
rected. *People* v. *Zimmer,* 252 Ill. 9.

The contention of respondents that only one judgment
in the four cases in the county court should have been en-

tered by the county court for all the cases cannot be sustained. The cases were consolidated for trial, only, which simply means that all four of the cases were to be tried together by one and the same jury. Under such an agreement separate judgments should be entered in all of the cases. *Kitter* v. *People,* 25 Ill. 27.

It was alleged by respondents in their answer that the sheriff, respondent Evans, did not have a *mittimus* or certified copy of the judgment in his hands or in his possession at the time Robbins was committed by him to jail under said judgments, and they argue that this was a sufficient ground in the *habeas corpus* proceeding for the discharge of the prisoner. Robbins was detained by virtue of the judgments of the county court, and those judgments were sufficient authority for his detention. A *mittimus* in each of the cases was only important to the officer as a direction to him to imprison Robbins and as evidence of the authority which the judgments gave. It is not necessary to discuss the proposition whether or not it was the duty of Evans, as sheriff, to have had a *mittimus* in his possession for his direction. The judgments were sufficient authority for the imprisonment of Robbins, and he would have no right to his release from imprisonment simply because the sheriff failed to arm himself with sufficient authority or direction as to such imprisonment, even if it be conceded that the law requires a *mittimus* in such case before committing the prisoner. The imprisonment in such case could have been legalized at any time by the issuance of a *mittimus.* As a matter of fact, there is no special requirement in our statute that a sheriff or other officer must be supplied with a *mittimus* after an order and judgment of conviction and sentence to jail have been entered by the court, and where the court has directed the sheriff, who is personally present, to commit the offender. There is authority, at any rate, for the proposition that a prisoner who has been legally and properly sentenced to prison cannot be released

from prison merely because of an imperfection in the warrant for commitment, and if the prisoner is safely in the proper custody there is no office for a *mittimus* to perform. *People* v. *Baker,* 89 N. Y. 461; *Howard* v. *United States,* 34 L. R. A. 509, and cases cited.

This court is committed to the doctrine that where the circuit court has entered a void order setting aside a judgment, or has declared a judgment void that is legal and released the petitioner from custody in a *habeas corpus* proceeding, a petition for *mandamus* to compel the court to expunge the void order is the proper remedy. *Swager* v. *Gillham,* 278 Ill. 295.

The demurrers to the answers of respondents are sustained and the writ of *mandamus* will issue according to the prayer of the petition.          *Writ ordered.*

Mr. JUSTICE CRAIG, dissenting:

The argument of counsel for the relator in this case is based on the holding of the court in *People* v. *Zimmer,* 252 Ill. 9, in which it was held that when it appears from the petition and return of the writ in *habeas corpus* proceedings that the court, in entering the judgment upon which the process under which the petitioner for *habeas corpus* is held, had jurisdiction of the person and the subject matter, then the court to which the petition is addressed has no jurisdiction to enter an order of discharge. That, however, does not apply to this case. The petition for *habeas corpus* under consideration in this case was, in effect, based on paragraphs 2 and 3 of section 22 of the Habeas Corpus act, (Hurd's Stat. 1916, p. 1430,) which provide that if it appears that the prisoner is in custody by virtue of process from any court legally constituted he can be discharged for certain causes, among them, where the original imprisonment was lawful yet by some act, omission or event which has subsequently taken place he has become entitled to his discharge, or where the process is defective in some sub-

stantial form required by law. *People* v. *Zimmer, supra,* was distinguished in *Eisen* v. *Zimmer,* 254 Ill. 43, in which the opinion was filed shortly afterward, and in which it was held that the rule that no court upon a writ of *habeas corpus* can review or overturn the judgment of another court which had jurisdiction of the parties and the subject matter does not preclude an inquiry on *habeas corpus* into the question whether the judgment of another court has been paid or has otherwise ceased to be operative. In that case an original petition for *mandamus* was filed in this court to compel the sheriff of Cook county to apprehend Jacob Rubenfeld and confine him in the county jail of Cook county in accordance with the command of a certain execution against the body of said Rubenfeld, notwithstanding that he had been released and discharged on the hearing of a petition for writ of *habeas corpus* presented in his behalf to one of the judges of the circuit court of Cook county. It was also averred in the petition for *mandamus* that the judge who had ordered that Rubenfeld be discharged in the *habeas corpus* proceeding was without jurisdiction to make such order and that the order for his release and discharge was unlawful. Rubenfeld had been imprisoned on an execution issued on a judgment against him and one Kornreich, and it was alleged in the answer to the petition for *mandamus,* and the court had found on the *habeas corpus* hearing, that Kornreich had paid the judgment, and that, the judgment being paid, Rubenfeld was properly discharged and released from imprisonment on the petition for *habeas corpus.* It was held that the circuit judge to whom the petition for writ of *habeas corpus* was presented had jurisdiction to determine whether Rubenfeld was entitled to be discharged from imprisonment under and by virtue of the writ of execution against his body, under section 22 of the Habeas Corpus act. It was further held that such judge had the undoubted right to hear and determine the question whether the judgment upon which the writ by virtue

of which Rubenfeld was being held had been, subsequent to its rendition, paid and satisfied, and if he found it had been paid and satisfied to order the discharge of Rubenfeld, and that the latter could obtain his release, under such circumstances, by the writ of *habeas corpus.* It was claimed in the petition for *mandamus* that the judgment against Rubenfeld and Kornreich, as a matter of fact, had not been paid, but this court held that such fact was one which did not affect the question here, the record showing that the circuit judge had jurisdiction to determine that question in the *habeas corpus* case, and that he had determined it against the relator in the *mandamus* proceeding and discharged the prisoner.

The decision of this court in the above case is applicable to the facts in the present case. The claim of the petitioner in the *habeas corpus* proceeding was, and such fact is admitted by the demurrers to the answers of the respondents, that there was pending against him in the county court of Champaign county three separate indictments and an information, all for selling intoxicating liquor in anti-saloon territory; that it was stipulated and agreed that said cases be consolidated and tried as one case, and said cases were consolidated and tried as one case, and that by reason of such consolidation and such trial as one case there should have been one verdict and one judgment, and that the court having entered one judgment for a fine and imprisonment, which had been satisfied by payment of the fine and serving the prison sentence, the entry of judgment in each of the other cases was void. The case of *Kitter* v. *People,* 25 Ill. 27, does not hold that when several indictments are consolidated for trial as one case there should be separate judgments entered. The court held in that case that when several indictments, each of which was a separate case, were merely tried together, the jury should be sworn to try each case and should render a verdict in each case and that there should be a separate judgment in each case. If the indict-

ments in the case at bar were tried as separate cases, under the holding in *Kitter* v. *People* the jury should have been sworn in each case, so there was error either way. In the case under consideration the order consolidating the cases was as follows: "By agreement of the parties hereto this case (No. 2813) is consolidated with cases Nos. 2814, 2815 and 2856." A like order·was entered in each of the cases referred to in the order. Where several indictments are consolidated for the purpose of trial they are to be considered as one indictment containing several counts, provided the sentence does not exceed the punishment which could be imposed on such indictment. One verdict and one judgment are proper in each case. (*Porter* v. *United States,* 91 Fed. Rep. 494; *Lucas* v. *State,* (Ala.) 39 So. Rep. 821.) Can there be any question, then, that the respondent Judge Green had full jurisdiction to hear the petition for *habeas corpus* and decide the matters presented by the petition? If on a petition for *habeas corpus* it is proper for the court to whom the petition is addressed to decide a question of fact whether or not a judgment has been paid, and such decision will not be interfered with by this court by *mandamus,* as was held in the case of *Eisen* v. *Zimmer, supra,* then it would be equally proper for a court to whom such a petition was addressed to take under consideration and decide, as a matter of law and as provided by the statute, whether by some act, omission or event which had taken place subsequent to the entry of the judgment which had been satisfied the party had become entitled to his discharge, or whether the process was defective in some substantial form required by law. Where a judge has taken such action it is not proper for this court to issue a writ of *mandamus* to compel him, as a judge, to change his decision, any more than it would be proper, by *mandamus,* to order a circuit judge to change his decision in any case in which his judgment is final.

Nor has the relator, in my opinion, shown a clear legal right to the relief sought. The foregoing opinion does not

281 − 5

hold that the judgments and sentences of imprisonment imposed under the information and the indictments, other than the first, were legal, but holds that even if the judgments and sentences of imprisonment are so indefinite, vague and uncertain as to be void, the judgments entered for the fines and costs of prosecution and the several orders in said judgments committing the defendant named therein to jail until the fines and costs were fully paid, are all valid orders and judgments and binding upon the defendant. This, however, is not correct. It was the opinion of the judge in determining the *habeas corpus* case, as set up by him in his answer, and for the reasons above stated, that said judgments were void, and also that each of said so-called judgments was so vague and uncertain that it could not be determined when any one of the respective terms of imprisonment began. If the judgments, except in the first case, (No. 2813 so called,) were void they were void for all purposes, including the imposition of fines. If the county court had no jurisdiction or authority to enter the judgments of imprisonment except in one case, (No. 2813,) it had no jurisdiction or authority to enter the judgments for fines in the other cases. Even if the court could properly enter more than one judgment, and if it was the intention of the court to make the sentence under each indictment or count cumulative, the proper manner of entering such a judgment was pointed out by this court in the case of *People* v. *Elliott,* 272 Ill. 592, and judgment in the case at bar was not entered in that manner. It cannot be ascertained from the judgments when any term of imprisonment, except that entered in case No. 2813, would begin and end. The sheriff had no *mittimus* or copy of the judgment which would justify him in holding the petitioner in the *habeas corpus* proceedings, and does not claim to have been personally present at the judgment of conviction or to have received any directions from the court to commit the petitioner. In the absence of an express provision in the judgment that

the sentence in each case should begin at the expiration of the sentence of imprisonment in the previous case and the description of such case in apt terms, it could not be ascertained from such judgments, at any time after the expiration of the sentence of imprisonment imposed in case No. 2813, whether the period of such sentence was running or not or if it had terminated.

The only ground upon which the writ of *mandamus* is issued, according to the foregoing opinion, is that the fines and costs were imposed in each case, with a further order that the defendant be imprisoned until such fines and costs were paid. That point was not raised or argued in the briefs of counsel, nor was it raised, so far as is disclosed by this record, in the *habeas corpus* proceedings. In the recent case of *People* v. *Shattuck,* 274 Ill. 491, it was pointed out that under the statute when the court enters a judgment against a defendant in a criminal case for a fine, he may or may not provide, as a part of said judgment, that the defendant be imprisoned until such fine and costs are paid. It was further pointed out in that opinion, and the different sections of the statute applicable thereto are cited, that if a judgment for fine and costs can be collected by execution or payment enforced by imprisonment of the judgment debtor in a criminal case it should be done promptly or not at all. It does not appear that any effort had been made to collect the fines and costs imposed by the county court, and if the officers charged with such matters had done their duty it would have been ascertained by the means provided by statute, prior to the hearing of the petition for *habeas corpus,* whether such fines and costs could be collected or not. In such cases, where the defendant has no property out of which such fine and costs can be made and such facts are satisfactorily made to appear to the court, after all legal means have been exhausted, it is the duty of the court to discharge him from further imprisonment, according to the provisions of section 17 of division 14 of the Criminal Code,

and such discharge operates as a release of such fine and costs. Furthermore, if that question had been raised in the *habeas corpus* proceedings it could have been determined there whether the petitioner had any property with which to pay the fines against him, and he could either have paid the fines or could have shown that he was unable to pay them, and that question could have been eliminated had it been raised. I do not think it will be contended that if a defendant in a criminal case imprisoned for non-payment of a fine were to show to the court that imposed the imprisonment that he had no estate or property with which to pay such fine and could not pay it, and if upon a proper showing the court refused to discharge him, a writ of *habeas corpus* would not lie and he could obtain his discharge where such facts were made to appear.

It seems too plain for argument that in any *habeas corpus* proceeding where one seeks a discharge under the provisions of section 22 of the Habeas Corpus act, questions of law as well as fact will necessarily arise, and unless in such proceeding the judge to whom the petition is addressed has the power to pass on such questions the object and purpose of the entire Habeas Corpus act will be thwarted. If a judge is powerless to decide whether the petitioner is entitled to discharge for any of the matters mentioned in said section 22 then such section is a nullity, and, no matter what judgment has been entered, such judgment must be enforced according to the construction placed thereon by the officer having the prisoner in his custody, and a circuit judge on a petition for *habeas corpus* cannot interfere. In my opinion such is not the law, and such a construction is entirely contrary to the plain meaning and intent of the Habeas Corpus act.

For the reasons given I think, in any view that is taken of the case, that the action of Judge Green was entirely right and according to law; that he had jurisdiction of the petition for *habeas corpus* and exercised such jurisdic-

tion properly. The petitioner in *habeas corpus* was being held under judgments that were clearly void and he was therefore properly discharged. The writ of *mandamus* should be denied.

----

(No. 11458.—Reversed and remanded.)
NELLE ANDERSON *et al.* Appellants, *vs.* NEWTON STEW-
ART *et al.* Appellees.

*Opinion filed October 23, 1917—Rehearing denied Dec. 6, 1917.*