(No. 17538.—Writ denied.)
THE PEOPLE *ex rel.* Oscar E. Carlstrom, Attorney General,
Petitioner, *vs.* EMANUEL ELLER, Judge, Respondent.

*Opinion filed October 28, 1926.*

1. MANDAMUS—*mandamus is proper remedy to expunge order releasing prisoner on habeas corpus.* Where a judge of the circuit or criminal court has entered a void order setting aside a judgment of conviction or has declared void a judgment which is legal and released a petitioner from custody in a *habeas corpus* proceeding, *mandamus* is the proper remedy to compel the court to expunge the void order.

2. HABEAS CORPUS—*writ cannot be used to overrule decision of the Supreme Court.* While the circuit and superior courts have concurrent jurisdiction with the Supreme Court in *habeas corpus* proceedings, such courts cannot, by reason of such jurisdiction, overrule or review a decision of the Supreme Court; and when a judgment of conviction is affirmed all questions must be regarded as finally adjudicated, whether raised by assignment of error or not, and even though errors are discovered after the judgment of affirmance and after a petition for rehearing is denied.

3. SAME—*habeas corpus cannot operate as a writ of error.* A writ of *habeas corpus* does not operate as a writ of error and can not be used to review a judgment entered by a court which had jurisdiction of the person and subject matter.

4. CRIMINAL LAW—*sentence to both fine and imprisonment, contrary to statute, is merely excessive—habeas corpus.* Where the statute fixes the punishment for an offense at fine or imprisonment and the court sentences a defendant to fine and imprisonment the sentence is not void but is merely excessive, as the court has jurisdiction to fine the defendant and has jurisdiction to imprison him within the limitations of the statute, and the prisoner cannot be discharged upon writ of *habeas corpus* unless the sentence which might legally have been imposed has been served.

5. SAME—*general rule as to when prisoner may be released on habeas corpus.* Where a judgment of conviction is valid a person imprisoned under it is entitled to be set at liberty on *habeas corpus* if the judgment has ceased to be operative because of any matter *ex post facto,* and where the judgment under which he is confined has been satisfied he is entitled to release from imprisonment.

6. SAME—*when an order releasing prisoner on habeas corpus is valid.* Where a defendant is convicted of libel and fined one dollar and costs and sentenced to six months' imprisonment, the sentence,

being for both fine and imprisonment while the statute provides either fine or imprisonment, is excessive; but the judgment is valid, and although it has been affirmed by the Supreme Court, the defendant having paid the fine and costs may be released from the imprisonment upon a writ of *habeas corpus,* as in such case he is entitled to elect which part of the penalty he will pay to satisfy the judgment.

ORIGINAL petition for *mandamus.*

OSCAR E. CARLSTROM, Attorney General, (ALLAN T. GILBERT, of counsel,) for petitioner.

SCHUYLER, ETTELSON & WEINFELD, for respondent.

URION, DRUCKER, REICHMANN & BOUTELL, and JOHN G. RIORDAN, for Arthur Lorenz, intervening petitioner.

Mr. JUSTICE HEARD delivered the opinion of the court:

Upon leave of this court first had and obtained, an original petition was filed herein in the name of the People of the State of Illinois on the relation of Oscar E. Carlstrom, Attorney General of the State, praying for the issuance of a writ of *mandamus* to compel Emanuel Eller, one of the judges of the superior court of Cook county and *ex-officio* one of the judges of the criminal court of that county, to expunge from the records of the criminal court an order releasing and discharging Arthur Lorenz from the house of correction of the city of Chicago. The respondent demurred to the petition, and the cause has been argued and submitted on the issue of law raised by the demurrer.

The material facts stated in the petition and admitted by the demurrer to be true are that Arthur Lorenz was indicted, tried and convicted in the criminal court of Cook county of the crime of libel and sentenced to six months at labor in the house of correction of the city of Chicago and to pay a fine of one dollar and costs. By successive writs of error this judgment of conviction was reviewed by

the Appellate Court for the First District and by this court
and affirmed in *People* v. *Spielman,* 318 Ill. 482, and there-
after Lorenz's petition for a rehearing was denied by this
court.  The mandate of this court affirming the judgment
was duly filed in the criminal court of Cook county.  There-
after Lorenz paid the fine and costs, and having been taken
into custody by the sheriff of Cook county upon a warrant
of commitment upon the judgment of conviction, Lorenz
presented a petition for a writ of *habeas corpus* to the re-
spondent, who after a hearing entered an order discharging
Lorenz from the judgment of imprisonment, which order
is the one which we are now asked to expunge.

Where a judge of the circuit or criminal court has en-
tered a void order setting aside a judgment of conviction
or has declared void a judgment which is legal and re-
leased a petitioner from custody in a *habeas corpus* pro-
ceeding, *mandamus* to compel the court to expunge the
void order is the proper remedy.  *People* v. *Green,* 281 Ill.
52; *People* v. *Fisher,* 303 id. 430.

Circuit and superior courts, and the judges thereof,
have concurrent jurisdiction with this court in *habeas cor-
pus* proceedings.  When, however, this court, in the exer-
cise of its appellate jurisdiction, has determined a question,
either of law or of fact, the matter is ended so far as the
circuit or superior court, and the judge thereof, is con-
cerned, and such court may not, by reason of its concurrent
jurisdiction in *habeas corpus,* overrule or review such de-
cision of this court.  When a judgment is affirmed by this
court all questions raised by the assignments of error, and
all questions that might have been so raised, are to be re-
garded as finally adjudicated against the appellant or plain-
tiff in error, and the judgment must be regarded as free
from all error.  (*Gould* v. *Sternberg,* 128 Ill. 510; *Trus-
tees of Schools* v. *Hoyt,* 318 id. 60.)  When this court
affirmed the judgment of the criminal court convicting
Lorenz of the crime of libel, this was an adjudication that

the judgment of conviction was valid, even though such question was not raised by the assignments of error and the record contained defects not discovered by him until after the judgment had been affirmed and his petition for rehearing denied. *People* v. *Superior Court,* 234 Ill. 186.

A writ of *habeas corpus* does not operate as a writ of error and cannot be used to review a judgment entered by a court which had jurisdiction of the person and subject matter of the suit wherein the judgment was rendered. In *People* v. *Zimmer,* 252 Ill. 9, this court said: "The writ of *habeas corpus* is a high prerogative writ and when properly issued supersedes all other writs, and by reason of that fact it should be confined to its legitimate office, otherwise an ignorant, reckless or partisan judge by usurpation may through the writ work a great wrong to society and the State by discharging offenders who have been lawfully convicted and sentenced to imprisonment by other courts while legally exercising co-ordinate jurisdiction with the court granting such discharge. It has never been the office of the writ of *habeas corpus* to operate as a writ of review, and we take it that no well considered case can be found where it has been held that the writ may properly be used to review the judgment of a court where the judgment sought to be reviewed had been rendered by a court which had jurisdiction of the person and subject matter of the suit in which the judgment had been rendered." The criminal court, which pronounced the sentence in question, had jurisdiction of the person of Lorenz and of the subject matter of the suit, and while the statutory penalty for the crime of libel is fine or imprisonment, and not both, and it was error to inflict both punishments, yet the judgment was not void but was a valid judgment of conviction for the crime of libel, and respondent had no authority of law to review such judgment. Where the statute fixes the punishment for an offense at fine or imprisonment and the court sentences a defendant to fine and imprisonment the sentence

is not void. In such case the court has jurisdiction to fine the defendant and has jurisdiction to imprison him within the limitations of the statute, and a sentence of both fine and imprisonment is merely excessive, and the·rule as to such judgments is, that the prisoner will not be discharged upon *habeas corpus* unless the sentence which might legally have been imposed has been served. (*People* v. *Siman,* 284 Ill. 28; *People* v. *Green, supra.*) When this court affirmed the judgment of the criminal court it held that such judgment of conviction was a valid one, but the only effect of such affirmance was to leave the judgment of the criminal court stand exactly as it stood if it had not been reviewed upon writs of error. This court did not assume to pass upon the force and effect of the judgment nor upon the manner in which it might be satisfied.

While respondent had no jurisdiction to pass in review upon the judgment of the criminal court, he did have jurisdiction to determine whether or not that judgment had been satisfied. Where a judgment of conviction is valid a person imprisoned under it is entitled to be set at liberty on *habeas corpus* if the judgment has ceased to be operative because of any matter *ex post facto,* and where the judgment under which he is confined has been paid and satisfied he is entitled to his release from imprisonment. *Eisen* v. *Zimmer,* 254 Ill. 43; *People* v. *Green, supra.*

It is contended by respondent that when Lorenz paid the fine and costs the judgment of the criminal court thereby was satisfied and that he thereupon became entitled to a discharge from the imprisonment. This question is not a new one in this State. In *People* v. *Green, supra,* it was held that the rule sustained by the great weight of authority is, that where a sentence of imprisonment imposed, with jurisdiction of the person and of the offense, is excessive, the prisoner will not be discharged for that reason on *habeas corpus* unless the sentence which might legally have been imposed has been served, and that where imprison-

ment is imposed in addition to a fine, which has been paid, and the court had authority only to fine or imprison the accused, he may be discharged on *habeas corpus,* citing *Ex parte Montgomery,* 79 Ala. 275; *Ex parte Reynolds,* 87 Ala. 138; *Ex parte Stewart,* 20 N. W. 255; *Ex parte Davis,* 112 Fed. 139; *Ex parte Lange,* 18 Wall. 176; 7 Ann. Cas. 144. In *People* v. *Siman, supra,* it was held that where the law authorizes either fine or imprisonment but not both, a prisoner who has been sentenced for a definite term of imprisonment and to pay a fine may be discharged on *habeas corpus* after he has either paid the fine or served the definite term, the other part of the sentence in either case becoming excessive and void. In the *Siman case,* Maglori, the relator, had been sentenced to five months' imprisonment in the house of correction and to pay a fine of one dollar. He paid the fine and demanded his release from imprisonment, which was refused. His sentence of conviction was of attempted petit larceny, which was punishable by a fine not exceeding $300 or by confinement in the county jail not exceeding six months. It was held that the criminal court of Cook county exceeded its jurisdiction in imposing both fine and imprisonment on the relator but that the sentence was not entirely void but was simply excessive, and that when he paid his fine it entitled him to a discharge from the imprisonment, as the payment of the fine settled the question that it was the part of the sentence made legal and at the same time definitely settled the question that the other part of the sentence,—the imprisonment,—was the excessive and void part of the judgment.

It may be that this construction allows Lorenz to select his own penalty and to escape with a punishment entirely disproportionate to his crime, but if this be true the blame therefor must rest with the criminal court and its State's attorney, who stood by in three courts and allowed the error of the court to go uncorrected. This court cannot correct or modify sentences, but in this case can only deter-

mine the legal effect of that imposed by the criminal court. The *Green case* was decided by this court in 1917 and the *Siman case* in 1918, and they were only declaratory of the common law. (15 Am. & Eng. Ency. of Law, 171.) The judge who imposed the sentence, and the State's attorney, must be presumed to have known of its legal effect and intended that it should have that effect. When Lorenz elected to pay the fine and costs and paid the same, and the payment was accepted, it was then determined that the fine was the legal part of the sentence and the imprisonment the excessive part, and he thereupon became entitled to release from imprisonment. The order of respondent releasing him on *habeas corpus* was not void, and the writ of *mandamus* must therefore be denied.    *Writ denied.*