(No. 20614.—)

THE PEOPLE *ex rel.* Walter R. Titzel, Jr., Relator, *vs.*
HENRY HILL, Warden of Penitentiary, Respondent.

*Opinion filed April 23, 1931—Rehearing denied June 4, 1931.*

WILLIAM W. SMITH, MILTON D. SMITH, and EVERETT
JENNINGS, for relator.

OSCAR E. CARLSTROM, Attorney General, JOHN A.
SWANSON, State's Attorney, and Q. J. CHOTT, (MERRILL F.
WEHMHOFF, JOHN P. MADDEN, and J. J. NEIGER, of coun-
sel,) for respondent.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

An original petition for a writ of *habeas corpus* seeking the release of George Barker from the Illinois State Penitentiary at Joliet, was filed in this court in the name of the People of the State on the relation of Walter R. Titzel, Jr., against Henry Hill, the warden and general superintendent of the penitentiary. The writ was issued, but service of the writ and the prisoner's personal presence in open court were waived. The respondent's return to the writ was followed by the petitioner's answer and traverse and his motion to discharge Barker from custody. The cause is submitted upon the record so made.

The relator alleges that a petition for a writ of *habeas corpus* charging that Barker and two other persons were unlawfully restrained of their liberty by William Blaul, lieutenant of police of the city of Chicago, and seeking their release from custody, was presented to the Honorable John P. McGoorty, one of the judges of the criminal court of Cook county; that the respondent Blaul, in his return to the writ issued upon that petition, stated that if a continuance were granted until such time as the court might deem reasonable, an indictment would be sought against Barker; that upon the petition and the return thereto, Judge McGoorty, on October 16, 1930, entered an order reciting that Barker theretofore had been convicted in the same court of the offense of grand larceny and sentenced to imprisonment in the State Reformatory at Pontiac, that while serving his sentence he was released from the reformatory, on a writ of *habeas corpus,* by the order of the circuit court of Peoria county, that this order was void because the court had no jurisdiction to enter it and that parole officers were present in court and ready to return Barker to the reformatory; that, after making the foregoing recitals, Judge McGoorty, by the same order, discharged Barker from the custody of the police, but, in addition, commanded

a parole officer to return him to the reformatory; that in obedience to this order Barker was taken to the reformatory where he was imprisoned until November 19, 1930, when pursuant to a later order entered by Judge McGoorty, he was transferred to the penitentiary at Joliet where he since has been confined; that the order of October 16, 1930, except to the extent that it discharged Barker from custody, was neither based upon nor germane to the issue presented by the *habeas corpus* proceeding and that the order was void.

It is further alleged in the present petition that on February 16, 1918, Barker was convicted in the criminal court of Cook county of larceny and sentenced to the reformatory to serve not less than one nor more than ten years; that he became a prisoner on March 5, 1918, and on June 17, 1919, the parole board permitted him to go and remain outside the walls of the reformatory under a parole agreement dated that day; that Barker remained on parole until December 24, 1926, when he was unlawfully returned to the reformatory; that on January 25, 1927, the parole board decided that he had not violated his agreement and ordered him to continue on parole and on February 12, 1927, he was again released from the reformatory; that the maximum punishment for the offense of which Barker was convicted was ten years; that he continued to serve his sentence during the period of time he was paroled from the reformatory, and that his sentence expired on March 5, 1928; that afterwards, on September 10, 1928, by direction of the parole board, a warrant for his arrest was issued and on March 2, 1929, he was returned to the reformatory on the charge that he had gone to California without the consent of the parole board; that later, on March 20, 1929, the parole board, by its order of that day, sustained the charge and declared Barker a parole violator, and that he was thereafter held and imprisoned in the reformatory.

The relator further alleges that on June 18, 1929, a petition for a writ of *habeas corpus* was filed in Barker's behalf

in the circuit court of Peoria county; that in this petition Barker's conviction and sentence to the reformatory, his release on parole, his return to the reformatory and second release on parole, his subsequent return to the reformatory and the parole board's finding that he had violated his parole were alleged, and it was charged that Barker's departure for California was after the maximum period of his sentence had expired; that he went to California for the purpose of obtaining suitable and remunerative employment; that since his second release on parole he had conducted himself as a law-abiding citizen and that he was unlawfully restrained of his liberty by the warden of the reformatory; that the circuit court of Peoria county issued a writ of *habeas corpus* upon the foregoing petition; that in obedience to the writ the respondent, the warden of the reformatory, made a return thereto and produced Barker in open court; that issues were joined and on September 7, 1929, the circuit court of Peoria county, possessing jurisdiction of the subject matter and of the parties to the *habeas corpus* proceeding, adjudged that Barker was at the time unlawfully restrained of his liberty by the warden of the reformatory and ordered his discharge from the latter's custody; that the circuit court of Peoria county, by its order, finally determined and settled that Barker was unlawfully restrained of his liberty; that notwithstanding that Barker had served the maximum term for which he was originally sentenced by the criminal court of Cook county and despite his subsequent discharge by the circuit court of Peoria county he was again unlawfully taken into custody and imprisoned pursuant to the void order of October 16, 1930; that his present imprisonment is illegal, violative of his constitutional rights and that a writ of *habeas corpus* should issue for his discharge from custody.

The respondent, in his return to the writ, sets forth in detail Barker's conviction in the criminal court of Cook county on February 16, 1918, his incarceration in the re-

formatory, his successive releases on parole, his return to the reformatory on March 2, 1929, the board's finding on March 20, 1929, that he was a parole violator, his discharge from custody in the *habeas corpus* proceeding by the circuit court of Peoria county on September 7, 1929, and his return to the reformatory and later the penitentiary pursuant to the orders of October 16 and November 19, 1930, respectively. The return concludes with the averment that the respondent holds Barker by virtue of the original sentence pronounced against him on February 16, 1918, and the *mittimus* issued thereon, to serve the unexpired portion of that sentence. The relator, by his answer and traverse to the respondent's return, denies that the respondent holds Barker by authority of the sentence of February 16, 1918, but avers that he is held in custody pursuant to the orders entered by Judge McGoorty on October 16 and November 19, 1930, and by authority of no other order, judgment or sentence whatever.

The contentions of the relator are first, that Barker had served the maximum of his sentence when he went to California in September, 1928, and for that reason did not violate his parole; second, that the circuit court of Peoria county had jurisdiction to hear and determine the *habeas corpus* proceeding brought in that court in behalf of Barker and that its order discharging him from custody bound all parties and remains in force and effect, and third, that the orders of the criminal court of Cook county entered on October 16, and November 19, 1930, the first directing the imprisonment of Barker in the reformatory, and the second authorizing his transfer to the penitentiary, are void. The principal contentions of the respondent, on the contrary, are that the power to determine whether Barker had violated his parole was vested in the parole board exclusively; that the board's decision was final; that the circuit court of Peoria county had no jurisdiction to review the decision of the parole board, and that the order of the circuit court

discharging Barker from custody was void and should be disregarded. If the circuit court of Peoria county had jurisdiction, in the *habeas corpus* proceeding, to determine whether Barker had completely served the term of his original sentence to the reformatory, and in deciding that question directed his discharge from the institution, no court of co-ordinate jurisdiction could thereafter order his return to the reformatory to serve any portion of, or to complete, the term of imprisonment for which originally he had been sentenced. The question of the circuit court's jurisdiction of the *habeas corpus* proceeding is therefore the primary, and if answered in the affirmative, is the only question to be considered.

Section 22 of the Habeas Corpus act (Cahill's Stat. 1929, p. 1438; Smith's Stat. 1929, p. 1594) provides, among other things, that, if it appear that the prisoner is in custody by virtue of process from any court legally constituted, he may be discharged, although the original imprisonment was lawful, where, by some act, omission or event which has subsequently taken place, the party has become entitled to his discharge. Where a judgment of conviction is valid, a person imprisoned under it is entitled to be set at liberty on *habeas corpus* if the judgment, by reason of any matter *ex post facto,* has ceased to be operative. Accordingly, a prisoner who has satisfied the judgment under which he is confined may invoke this writ to obtain his release from imprisonment. *People* v. *Eller,* 323 Ill. 28; *People* v. *Mallary,* 195 id. 582.

It was alleged in the petition for a writ of *habeas corpus* filed in the circuit court of Peoria county that Barker departed for California after the maximum period of his sentence had expired; that the parole board thereafter and for that reason held that he had violated his parole, and that by virtue of the parole board's finding he was unlawfully restrained of his liberty by the warden of the reformatory. On the face of the petition the circuit court of Peoria county

had jurisdiction of the proceeding to determine whether Barker had served his sentence. (*People* v. *Eller,* 323 Ill. 28; *Eisen* v. *Zimmer,* 254 id. 43). Upon the facts shown the circuit court ordered Barker's release and set him at liberty. The question whether, as a matter of fact, the sentence had been satisfied, did not affect the jurisdiction of the court. Jurisdiction is authority to hear and decide a cause and it does not depend upon the correctness of the decision made. *People* v. *Talmadge,* 194 Ill. 67; *Eisen* v. *Zimmer,* 254 id. 43; *People* v. *Zimmer,* 252 id. 9; *People* v. *Superior Court,* 234 id. 186; 1 Bailey on Jurisdiction, sec. 2.

The circuit court of Peoria county was not deprived of jurisdiction to hear and determine the *habeas corpus* proceeding because Barker had been sentenced to the reformatory by the criminal court of Cook county. The respective circuit courts and the superior court of Cook county in term time and the several judges of these courts in vacation have power to award writs of *habeas corpus* throughout the State and make them returnable in the proper county. (Sec. 28, act to revise the law in relation to circuit courts and the superior court of Cook county, Cahill's Stat. 1929, p. 840; Smith's Stat. 1929, p. 894). The circuit court of Peoria county, therefore, had jurisdiction both of the subject matter and of the parties to the proceeding when it ordered Barker's release from the reformatory. An order of discharge entered in a *habeas corpus* proceeding by a court possessing jurisdiction conclusively determines that the prisoner was not liable to be held in custody upon the state of facts then existing. (*Ex parte Haubelt,* 57 Tex. Cr. 512; *McConologue's Case,* 107 Mass. 155; *Yates* v. *People,* 6 Johns. (N. Y.) 337; *In re Crow,* 60 Wis. 349). Barker's right to discharge from imprisonment had been finally adjudicated by the circuit court of Peoria county and he could not again be restrained of his liberty for the same

cause. It follows that the orders of the criminal court of Cook county of October 16, 1930, and November 19, 1930, are void, and that the motion to discharge Barker from the custody of the respondent must be allowed.

*Prisoner's discharge ordered.*