(No. 21843.—

THE PEOPLE *ex rel.* Chester R. Weed, Petitioner, *vs.* FRANK D. WHIPP, Warden, Respondent.

*Opinion filed April 22, 1933—Rehearing denied June 13, 1933.*

A. L. GETTYS, for petitioner.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and EUCLID L. TAYLOR, (J. J. NEIGER, of counsel,) for respondent.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

This is a hearing upon an original petition in the name of the People of the State of Illinois, on the relation of Chester R. Weed, for a writ of *habeas corpus,* and the an-

swer of respondent, Frank D. Whipp, warden of the Illinois State Penitentiary at Joliet, thereto. The answer of respondent sets up certain proceedings in the criminal court of Cook county, including the indictment, trial, verdict of the jury, judgment and sentence, by which Weed was convicted and sentenced to serve an indeterminate term in the State Penitentiary at Joliet from one to fourteen years. From the petition for the writ and respondent's answer thereto, and the certified copy of the record of the criminal court made a part thereof, it appears that Weed was indicted by the grand jury of the criminal court of Cook county upon a charge of assault with intent to commit rape; that he pleaded not guilty, was tried, found guilty by the trial jury of that crime, and sentenced by the court upon the verdict to an indeterminate term in the penitentiary of from one to fourteen years.

It is claimed by Weed that he should be discharged from imprisonment for the reason that the record of the judgment of the criminal court, and the *mittimus* issued thereon, contain the following: "Therefore it is ordered and adjudged by the court that the said defendant, Chester R. Week, be, and he hereby is, sentenced to the penitentiary of this State at Joliet for the crime of rape, in manner and form as charged in the indictment whereof he stands convicted, for a term of years not to exceed the maximum term fixed by statute for the crime whereof he stands convicted," etc. Prior to these words the record and *mittimus* contain a recital that on the 27th day of May, 1929, the defendant and the State's attorney appeared in the criminal court before Thomas J. Lynch, judge of the circuit court of Cook county and *ex-officio* judge of the criminal court of Cook county, that a motion for a new trial was heard and overruled, and that a motion in arrest of judgment was entered, heard and overruled by the court, and then contain the words, "Defendant was sentenced on verdict to the penitentiary for a term of from one to four-

teen years," which was the proper sentence for the crime for which he was indicted, tried and found guilty by the jury.

The criminal court of Cook county had jurisdiction of the person of the defendant and of the subject matter of the cause and had jurisdiction to sentence Weed to an indeterminate term in the penitentiary of from one to fourteen years but did not have jurisdiction to also sentence him to the penitentiary for the crime of rape, as he was not indicted for that crime. That portion of the sentence, therefore, which adjudges "Week" guilty of the crime of rape and sentences him to the penitentiary therefor is void for want of jurisdiction, as jurisdiction of a court in a particular case is not alone the power of the court to hear the cause, but it likewise involves the power to render the particular judgment rendered, and every act of the court beyond that power is void. (*People v. Circuit Court*, 347 Ill. 34.) A writ of *habeas corpus* does not operate as a writ of error and cannot be used to review a judgment entered by a court which had jurisdiction of the person and subject matter of the suit wherein the judgment was rendered. Where a court is authorized by law to impose imprisonment, and it imposes a sentence which it might lawfully impose and in addition thereto a sentence which it had no right to impose, the illegal part of the sentence will be regarded as surplusage and the sentence void merely as to the excess. The rule sustained by the great weight of authorities is, that where a sentence of imprisonment imposed with jurisdiction of the person and of the offense is excessive, the prisoner will not be discharged for that reason on *habeas corpus* unless the sentence which might legally have been imposed has been served. *People v. Eller*, 323 Ill. 28; *People v. Siman*, 284 id. 28; *People v. Green*, 281 id. 52.

The statement of the judge and State's attorney accompanying the *mittimus* cannot be considered in contradiction of the record in the case. The record shows that Weed

528

was sentenced upon the verdict of the jury for the crime for which he was indicted, tried and found guilty by a jury, that the court had jurisdiction in the premises to sentence him to imprisonment in the penitentiary for a term of from one to fourteen years, and that such sentence has not been served. The petitioner is therefore remanded to the Illinois State Penitentiary at Joliet.    *Petitioner remanded.*