TERRELL, Justice.
Petitioner was informed against in three informations for the larceny of cattle. On motion of the state two of the informations were consolidated for trial and the third was dismissed. The jury returned separate verdicts of guilty as to the consolidated informations. The court adjudicated petitioner guilty as charged and sentenced him to two years at hard labor in each case. Nothing was said in the judgment whether the sentences should run concurrently or consecutively. Two appeals were prosecuted to this court and both judgments were affirmed. Hall v. State, Fla., 66 So.2d 863.
Prior to two years service, defendant petitioned for habeas corpus alleging that his detention was in violation of Section 921.16, Florida Statutes, F.S.A. The writ and return thereto were filed; then it was revealed that the petition was premature as to any right petitioner may have under Section 921.16 because he had not served two years of his sentence, there being no showing of gain time to accelerate the sentence in either conviction. Hall v. Mayo, Fla., - So.2d -. Petitioner thereupon filed petition for rehearing charging that since the filing of his original petition, he was now entitled to his freedom in that he had served over two years of his sentence and that since the trial court did not specify whether the sentences were to run consecutively or concurrently, Section 921.-16 was activated, which provided that his sentences run concurrently.
The court treated the petition for rehearing as a new petition for habeas corpus, issued the writ and respondent filed return challenging petitioner’s interpretation of Section 921.16, Florida Statutes, F.S.A. as follows:
“When the defendant has been convicted of two or more offenses charged in the same indictment or information *846 or in consolidated indictments or in-formations, the terms of imprisonment shall be served concurrently unless the court expressly directs that they or some of them be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently.” (Emphasis supplied.)
Petitioner contends that the two sentences are controlled by the first sentence of the quoted, statute since they were consolidated for trial while respondent contends that the concluding sentence of the quoted statute is controlling and being so the sentences must run consecutively.
In Hall v. State, Fla., 66 So.2d 863, we held that the two informations charged separate and distinct crimes. Respondent contends that the two separate crimes could not have been joined as two counts in one information and that where the law requires two informations they can not be consolidated because that which could not have been done in the first place can not be accomplished by consolidation. In other words, respondent contends that the term “consolidated information” as employed in the statute means the consolidation of in-formations that embrace only those infor-mations that could have been filed as one and not those which never could have been filed in a single document.
We have not previously been called on to interpret the term “consolidated in-formations,” used in the statute under consideration. For some purposes there must be a distinction between “consolidation” and “consolidation for trial only.” When the informations are consolidated, for trial only, as in O’Malley v. Wilson, 182 Ga. 97, 185 S.E. 109, 114, it means they are tried together but separate judgments may be properly entered. Hall v. State, Fla., supra; People ex rel. Busch v. Green, 281 Ill. 52, 117 N.E. 764. We have found the term “consolidation” applied to other categories: (1) where all except one of several actions are stayed until one is tried, in which case judgment in one is conclusive as to the others; (2) where several actions are combined into one and lose their separate identity and become a single action in which a single judgment is rendered; and (3) where several actions are ordered to be tried together, but each retains its separate character and requires the entry of separate judgments. Herstein v. Kemker, 19 Tenn.App. 681, 94 S.W.2d 76, 82; Azinger v. Pennsylvania R. Co., 262 Pa. 242, 105 A. 87.
Whether the trial court could or should have consolidated the informations in question for trial only or for all purposes is not material at. this time. That question was determined by the trial court and his order was on appeal approved by this court. An examination of the consolidation order, in the original file, indicates that it was for trial purposes only. While there may be technical distinction between consolidation for all purposes and consolidation for trial only, in so far as it is applicable to Section 921.16, there is no showing that any such technical distinction is material. The statute is inclusive and by its language places upon the trial judge the burden of certainty in imposition of sentences. Where certainty in-the sentence of conviction is the evident purpose of the statute, it would make no difference whether the information could or could not be consolidated for all purposes or for trial only so long as they are tried together. Where, as here,. doubt arises from the trial judge’s failure to specify the manner in which the sentences shall run, there would seem to be no occasion to construe the statute against petitioner. Under such circumstances we should indulge-no presumption in favor of a cumulative sentence. 15 Am.Jur., Criminal Law, Sec. 465.
It is accordingly ordered that petitioner be discharged.
DREW, C. J., and HOBSON and ROBERTS,' JJ., concur.