PIERCE, Judge.
This is a habeas corpus proceeding filed originally in this Court, wherein petitioner Gaylon Wicker seeks his release from custody of respondent Sheriff.
On November 24, 1965, Wicker was arraigned before the Judge of the County Judge’s Court for Lake County, Florida, upon seventeen (17) separate charges, sixteen (16) for “passing worthless checks” and one (1) for “contributing to dependency”. Wicker pleaded guilty to all seventeen (17) charges, whereupon, on the same date, November 24, 1965, he was adjudged guilty of each charge and was sentenced by said Judge to “be confined in the County Jail of Lake County, Florida, for a period of 3 months”. The judgments and sentences were entered separately in each case, but there is nowhere on any of the judgments any notation or direction as to whether the 3 months’ sentences should be served consecutively or served concurrently.
Pursuant to the foregoing, Wicker has been in the custody of respondent Sheriff of Lake County since November 24, 1965, upon the assumption that the aforesaid sentences were to run consecutively and that he could not be released until he had served 51 months, which would be three months for each of the seventeen (17) charges. Under such computation Wicker would be due to be released on February 24, 1970, four years and three months after his original incarceration.
Wicker contends by habeas corpus here that under the form of the judgments and sentences entered against him, the serving of the sentences must be construed to run concurrently and that he should have been released from custody in February, 1966, but in any event he should be now discharged. We agree.
F.S. Sec. 921.16, F;S.A provides as follows:
“When the defendant has been convicted of two or more offenses charged in the same indictment or information or in consolidated indictments or informations, the terms of imprisonment shall be served concurrently unless the court expressly di *344 rects that they or some of them he served consecutively. Sentences of imprisonment for offenses not charged in the same indictment or information shall be served consecutively unless the court expressly directs that they or some of them be served concurrently.” (Emphasis supplied).
Said Sec. 921.16 was construed by the Supreme Court in Hall v. Mayo, Fla.1955, 83 So.2d 845, where the identical question here involved was presented. There Hall had been convicted upon two separate infor-mations which, although consolidated for purpose of trial, resulted in two separate verdicts of guilty and two judgments of conviction, under the terms of which he was given a prison sentence of two years in each case without any indication in either judgment as to whether the sentences were to run consecutively or concurrently. After having served two years in prison, Hall filed habeas corpus proceeding, contending that, because the cases were consolidated for trial, the italicized language in Sec. 921.16 supra, applied, and the sentences against him should be held to have run concurrently, in which event he was entitled to his release from custody. The Supreme Court agreed with such contention, holding as follows :
“We have not previously been called on to interpret the term ‘consolidated in-formations,’ used in the statute under consideration. For some purposes there must be a distinction between ‘consolidation’ and ‘consolidation for trial only.’
******
“While there may be technical distinction between consolidation for all purposes and consolidation for trial only, in so far as it is applicable to Section 921.16, there is no showing that any such technical distinction is material. The statute is inclusive and by its language places upon the trial judge the burden of certainty in imposition of sentences. Where certainty in the sentence of conviction is the evident purpose of the statute, it would make no difference whether the information could or could not be consolidated for all purposes or for trial only so long as they are tried together. Where, as here, doubt arises from the trial judge’s failure to specify the manner in which the sentences shall run, there would seem to be no occasion to construe the statute against petitioner. Under such circumstances we should indulge no presumption in favor of a cumulative sentence. 15 Am.Jur., Criminal Law, Sec. 465.”
Likewise, we hold that in the instant case the seventeen (17) sentences must be construed to have been entered in a “consolidated” proceeding, in which event, under the authorities aforesaid, they were to be served concurrently.
While not determinative of the question, it is significant that the petition for writ of habeas corpus filed here distinctly avers “that the charges were consolidated for disposal”. This allegation was not denied or traversed. Rather, the respondent Sheriff’s “response” to the ha-beas corpus writ defends the legality of Wicker’s continued and present confinement upon the premise that the Judge at the time of sentencing did not affirmatively provide that the sentences “shall run concurrently, nor was respondent (Sheriff) advised by the Judge in open Court that said commitments should run concurrently”. However, this is a false premise, since Sec. 921.16 places the burden upon the sentencing Court, in consolidated cases, to affirmatively provide that the sentences run consecutively if such be desired, otherwise they must be construed to run concurrently.
Accordingly, petitioner Wicker, having fully served his three months’ “concurrent sentence” is entitled to his discharge from custody. It is so ordered.
SHANNON, Acting C. J., and HOB-SON, J., concur.