# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-368
Lower Tribunal No. 92-18283
_____

**Cassius Forte,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Ana M. Davide, for appellant.

Ashley Moody, Attorney General, for appellee.

Before LOGUE, SCALES, and HENDON, JJ.

HENDON, J.

Cassius Forte seeks to reverse the trial court's denial of his motion to correct an illegal sentence. We affirm.

Forte was initially sentenced in case numbers F92-18283 and F92-29290 to eight months in prison followed by one year of community control, with the sentences in both cases to run concurrently. In 1994, Forte was charged with new law violations in case number F93-44066B, and was sentenced to forty years in state prison on the charge of robbery with a deadly weapon and nine years on the charge of burglary of an occupied structure. Two days later, Forte was found to be in violation of his community control in cases F92-18283 and F92-29290. The trial court revoked Forte's community control and sentenced him to three and a half years in case F92-29290, and to four and a half years in case F92-18283. The trial court indicated that the sentences were to run consecutive to each other and consecutive to the sentence in 93-44066B, with credit for time served in each case.

On appeal, Forte argues that by giving credit for all time served for offenses not charged in the same information, these sentences should run concurrently, not consecutively. Section 921.16(1), Florida Statutes (1994), the statute in effect at the time of Forte's sentencing and currently[1], provides that concurrent sentences

---

[1] Section 921.16(1), Florida Statutes (1994-present), provides, in relevant part, as follows:

> A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences

must be imposed unless the trial court specifically states that the sentences are consecutive. See Hall v. Mayo, 83 So. 2d 845 (Fla. 1955); see also Jenkins v. State, 44 Fla. L. Weekly D656 (Fla. 1st DCA, Mar. 7, 2019) (holding that defendant could be sentenced to two consecutive sentences, although original sentences imposed were concurrent).  The record shows that these were separate cases, with separate charges and judgments in each. The trial court specifically intended the sentences in each of Forte's separate cases to run consecutively to one another, and each sentence is within the maximum terms allowed by statute.  Separate sentences, concurrent or consecutive, were proper.  See, e.g., State v. Peavey, 326 So. 2d 461, 464 (Fla. 2d DCA 1975).

Affirmed.

---

be served consecutively. Sentences of imprisonment for offenses not charged in the same indictment, information, or affidavit shall be served consecutively unless the court directs that two or more of the sentences be served concurrently.